**Abelardo SOTO, Jr., Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 01–2331.

United States Court of Appeals, Sixth Circuit.

April 16, 2003.

Before: MARTIN, Chief Circuit Judge; KENNEDY and DAUGHTREY, Circuit Judges.

KENNEDY, Circuit Judge.

Plaintiff–Appellant Abelardo Soto (Soto) appeals the district court's judgment in favor of the defendant under Rule 56 or Rule 12(b)(6) Federal Rules of Civil Procedure and the district court's refusal to grant relief from the judgment in the case under Federal Rule of Civil Procedure 60(b). We AFFIRM the district court's dismissal of Soto's claim for damages based on emotional distress arising from his fear for his life and safety, and we REVERSE and REMAND the district court's dismissal of Soto's claim for damages for the value of his lost personal property.

## I.

On February 16, 2001, Soto filed a Federal Torts Claims Act (FTCA) action "to recover damages for the wrongful and unnecessary killing of plaintiff's dog, his emotional distress consequent to that killing, and his emotional distress of fear of life and limb due to the gunshots . . . in close proximity to the plaintiff." Plaintiff's prayer for relief sought "[d]amages for loss of plaintiff's beloved pet and emotional distress in the amount of $200,000".

On May 11, 2001, the United States filed an Answer and a Motion to Dismiss. pursuant to Federal Rule of Civil Procedure 12(b)(6), or In the Alternative Motion for Summary Judgment. pursuant to Federal Rule of Civil Procedure 56. The United States' argued that Soto's claim for damages based on emotional distress arising from the death of his pet and his fear for his life and safety failed to state a claim under Michigan law. The United States' motion did not address Soto's claim for damages for the value of his dog as personal property. Soto's brief in opposition to defendant's motion argued that Soto's claim for damages for the loss of his dog should be permitted to go forward because the dog's value presented a question of fact. Plaintiff's brief did not directly respond to the United States' contention that Michigan law did not provide a basis for Soto to recover on either of his emotional distress claims. The district court dismissed both of Soto's emotional distress claims for failure to state a claim under Michigan law.

Plaintiff filed a Motion for Reconsideration under Federal Civil Procedure Rule 60(b)(6) raising the same arguments raised earlier. In the section labeled Conclusion, he state that he was entitled to recovery of his dog's value as property. The district court denied the motion.

## II.

While Soto appeals the district court's refusal to grant relief from its judgment under Federal Rule of Civil Procedure 60(b)(6), Plaintiff's appellate brief does not present any argument on the subject of the district court's denial of his Rule 60(b)(6) motion. Therefore, the issue is considered abandoned. *Sommer v. Davis,* 317 F.3d 686, 691 (6th Cir.2003).

On appeal, Soto claims that, if the district court granted summary judgment in favor of the United States under Rule 56, the district court erred by not construing all the facts in favor of Soto, the non-moving party. The district court's July 23. 2001 Opinion and Order was a dismissal under Rule 12(b)(6), not a summary judgment under Rule 56. The district court clearly limited its analysis to matters presented in the pleadings and the sufficiency of the complaint. F.R. Civ. P. 12(b)(6).

A district court's dismissal of a complaint for failure to state a claim is reviewed *de novo. Beztak Land Co. v. City of Detroit,* 298 F.3d 559, 565 (6th Cir.2002). In deciding a Rule 12(b)(6) motion to dismiss, a district court must construe the complaint in the light most favorable to the plaintiff and must accept all factual allegations as true. *Id.* To withstand dismissal, the complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain recovery under some viable legal theory. *Rippy ex rel. Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir.2001). In a case arising under the Federal Torts Claims Act (FTCA), a district court must look to the substantive law of the state where the alleged cause of action arose to determine whether the plaintiff has a lawful theory of recovery, *Pierce v. United States,* 722 F.2d 289, 290 (6th Cir.1983), because the FTCA limits the United States' liability to the those circumstances where a private person would be liable under the law of the place where the incident took place. 28 U.S.C.A. 1346(b)(1) (2003).

Soto sought recovery of damages for "the wrongful and unnecessary killing of plaintiff's dog, the emotional distress consequent to that killing, and the emotional distress of fear of life and limb due to the gunshots ... in close proximity to the plaintiff." The complaint, fairly read, states two emotional distress claims arising from the incident. Soto only appeals the district court's dismissal of his claim based on emotional distress arising from his fear for his life and safety. Soto argues that this claim should not have been dismissed because the complaint and his declaration, which was attached to his brief opposing the motion for dismissal or summary judgment, asserted an the facts necessary to support a claim of negligent infliction of emotional distress under the direct victim theory. Under the direct victim theory, a plaintiff can recover for "definite and objective physical injury ... produced as a result of emotional distress proximately caused by defendant's negligent conduct." *Daley v. LaCroix,* 384 Mich. 4, 179 N.W.2d 390, 395 (1970). Generalized claims of physical distress, pain, and suffering, however, are insufficient to satisfy the definite and objective physical injury requirement. *Meyerhoff v. Turner Constr. Co.,* 202 Mich.App. 499, 509 N.W.2d 847, 850 (1994). The district court correctly concluded that Soto's claim had to be dismissed because he failed to allege that he suffered a definite and objective physical injury. Soto's unsworn declaration filed under 28 U.S.C. § 1746 likewise fails to allege a definite and objective physical injury. Therefore, the district court's dismissal for failure to state a claim of Soto's emotional distress claim based on his fear for his life and safety a claim is affirmed.

We reverse, however, the dismissal of his claim for the value of his dog as property. Under Relief. the plaintiff asked for damages for the loss of his beloved pet. In his brief in response to the motion to dismiss, he argued that the dog's market value was an issue of fact for trial. The complaint may be fairly construed to include a request for damages for the value of his dog, a claim that was not addressed in the district court's dismissal. We note that the United States does not oppose a limited remand of that portion of the case

for further proceedings. The district court's order dismissing Soto's claims, therefore, is reversed to the extent that it dismissed his claim for damages for the market value of his dog as personal property and that claim is remanded for further proceedings.

### III.

For the foregoing reasons, we **AFFIRM** the district court's dismissal under Rule 12(b)(6) of Soto's emotional distress claim based on his fear for his life and safety for failure to state a claim. and, we **RE-VERSE** the district court's dismissal of that part of Plaintiff's complaint stating a claim for damages for the value of his dog as personal property and **REMAND** for further proceedings.